Curran, Dennis J., J.
Lisa Hubbard seeks judicial review of an administrative agency decision that she neglected her seven-year-old son. That decision was made by the Department of Children and Families after it heard evidence that Ms. Lisa Hubbard had a verbal, and then physical, altercation with her husband on Sunday March 24, 2013. The little boy was, in no way, molested, abandoned, injured, or assaulted, except that he witnessed his parents’ altercation. This was the sole basis for the Department’s decision that Lisa Hubbard, a registered nurse, had “neglected” her son, thereby jeopardizing her professional career, causing further trauma to this troubled family, and forcing her own son to repeatedly relive this unfortunate incident through its re-telling to an army of agency investigators, bureaucratic personnel, and ultimately, a hearing examiner.
For the reasons that follow, this agency decision cannot be sustained.
BACKGROUND
It was Palm Sunday in late March 2013 when Lisa Hubbard took her seven-year-old boy, Dylan, to church in Dracut, Massachusetts. The father stayed home. On their way home, Mrs. Hubbard bought her son a donut at a local Dunkin’ Donuts. When they arrived home, the husband threw a fit about the boy having a donut that might spoil his mid-day dinner. An argument ensued — first verbal, and then physical. The two adults wrestled to the ground and Ms. Hubbard struck her husband with various household items. She was later charged with assault and battery, which charge was continued without a finding for six months, and ultimately dismissed, with complete adherence to the probationary terms and without incident. The boy saw the parents struggle, witnessed his mom try to call the police, but was stymied when Mr. Hubbard yanked the kitchen telephone cord from the wall, tried to pry the two from one another at one point without success, and then pulled the upstairs telephone call out of the wall so that Ms. Hubbard could not call the police on her husband, thereby avoiding getting his father in trouble.
The parents were in the midst of a divorce, which has since been finalized. Dylan now lives with his mom.
DCF workers never interviewed either Mr. or Mrs. Hubbard about the incident because, in fairness, to them, there were then-pending criminal charges.
DISCUSSION
Under G.L.c. 30A, section 14(7), this court is authorized to reverse, remand or modify an agency decision under an array of various statutory grounds, almost all of which are not relevant here. First, I find that in no instance did the agency violate its own regulations or commit an error of law. The agency was dealing, in good faith, with a difficult situation at the time, to afford counseling and other human services resources to assist this troubled family. For these efforts, the Department is to be commended. But it is time to step back from the immediacy of this family crisis created by this likely-symptomatic episode and determine whether the agency’s finding was supported by “substantial evidence.” I must find that it was not.
Dylan was neither molested, abandoned (to the contrary, both parents were regrettably present in the marital home at the time of the incident), injured or otherwise physically assaulted. He was an unfortunate witness. New rational parents would want to compel their child to see such a tragic event unfold. But it did — as can happen with marital discord.
There is no substantial evidence based on the facts presented here that the boy was “neglected.” I well appreciate and accept that decisional line of authority that administrative agencies are to be accorded “substantial deference.” Lindsay v. Department of Social Services, 439 Mass. 789, 798 (2003). I also embrace the regulatory authority definition of “neglect.” See 110 C.M.R. section 2.00(33). I also understand and accept — but respectfully disagree — with case law that has perverted the term “substantial evidence” to mean whether there was “reasonable cause.” Id. Perhaps that interpretation has evolved because of judicial expediency in more easily ridding agency decisions from the docket — perhaps not. But it is wrong. And indeed, and more importantly, such a burden cannot be sustained under the facts of this specific case.
This was a most unfortunate incident. But it is hardly isolated in these days of marital troubles. The Department acted quickly and efficiently. But the ultimate decision cannot be supported. No agency decision is free of scrutiny by an independent party— here, the court. And this court, on these narrow facts presented, cannot find that there was substantial evidence of neglect.
ORDER
For these reasons, the decision of the Department hearing officer is reversed. Judgment shall enter for the plaintiff Lisa Hubbard forthwith.